FILED
JUL 26 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 06-40128-02 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| JESSE LYNN HINTZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Jesse Lynn Hintz, filed a Motion to Set Aside Jury Verdict and Motion for Judgment of Acquittal, Doc. 72, and a brief in support of the motion. The motion will be denied.

## BACKGROUND

A jury found Hintz guilty of the crimes of harboring escaped prisoners and instigating and assisting escape in violation of 18 U.S.C. §§ 1072 and 752(a). The Court denied Hintz's Motion for Judgment of Acquittal brought at the end of the government's case during the jury trial. Hintz argues that she is entitled to a judgment of acquittal based on insufficiency of the evidence.

## DISCUSSION

The Eighth Circuit explained the standard for considering a motion for judgment of acquittal:

> A district court has very limited latitude in ruling upon a motion for judgment of acquittal. A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged. "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence.".... In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses.

*United States v. Baker*, 367 F.3d 790, 797-98 (8th Cir. 2004). The Court must uphold the jury's guilty verdict in this case if substantial evidence supports it. *See United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002). "Substantial evidence exists if a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt. This standard of review is a strict one; we will not lightly overturn the jury's verdict." *Id.* (citations omitted).

Hintz was convicted of harboring escaped prisoners as alleged in Count 1 of the Superseding Indictment. The jury was instructed on the elements of harboring escaped prisoners:

<u>One</u>, Jeremy Provancial or Joseph Marshall escaped from the Glory House in Sioux Falls, South Dakota, where they were in the custody of the United States Attorney General; and

<u>Two</u>, thereafter, between on or about August 21, 2006 and August 23, 2006, the Defendant, Jesse Lynn Hintz, voluntarily and intentionally harbored or concealed Jeremy Provancial or Joseph Marshall.

The jury was instructed that the terms "harbor" and "conceal" mean "any physical act of providing assistance, including food and shelter, and other assistance to aid the prisoner in avoiding detection and apprehension." Defendant did not object to these instructions. Hintz claims that the evidence is not sufficient to show she took some "affirmative act" to aid the escapees in avoiding apprehension. The Court disagrees. The government's witnesses, Joseph Marshall and Jennifer Pierce, testified that Hintz picked up the escapees in her car, drove them to get their stashed clothes, drove them to get some money from a relative, drove them to a liquor store to buy beer, then drove them to Pierce's house where they all spent the night. The next day, Hintz drove the escapees to a motel where they checked in under an assumed name. This evidence is sufficient for a reasonably minded jury to conclude that Hintz harbored the prisoners.

The following instruction was given to the jury on the elements of aiding and assisting escape as charged in Count 2 of the Superseding Indictment:

2

> One,   Jeremy Provancial or Joseph Marshall left the Glory House in Sioux Falls, South Dakota, where they were in the custody of the United States Attorney General, without permission;
>
> Two,   between on or about August 21, 2006 and August 23, 2006, the Defendant, Jesse Lynn Hintz, rescued, instigated, aided or assisted in the escape of Jeremy Provincial or Joseph Marshall from the Glory House; and
>
> Three,   Defendant Jesse Lynn Hintz knew that Jeremy Provincial or Joseph Marshall did not have permission to leave the Glory House.

The jury was instructed that the crime of aiding an escapee "terminates once the escapee has reached temporary safety. After that point in time, aid to the fugitive is no longer aiding the escape, although it may be evidence of harboring and concealing." Again, Hintz did not object to these instructions. Hintz argues that the escapees had reached temporary safety before she picked them up in her car. The evidence shows otherwise. Joseph Marshall testified that they left the Glory House around 10:00 p.m. and ran down some old railroad tracks towards 41st Street. Marshall heard Jeremy Provancial talking to someone on his cell phone. Jennifer Pierce testified that she was the person Provancial was talking to on his cell phone after he escaped. Pierce was with Hintz at the time of the call. When Pierce told Hintz the men had escaped from the Glory House, Hintz said they should go get them. Pierce and Hintz got in Hintz's car and left to find the escapees. Marshall and Pierce both testified that Hintz and Pierce picked the men up "in the shadows" near the Lewis Drug store on the corner of 41st Street and Minnesota Avenue. The men had not reached temporary safety when Hintz and Pierce arrived and got them off the street. The testimony of Marshall and Pierce is sufficient for a reasonably minded jury to find that Hintz aided and assisted the escaped prisoners as charged in Count 2 of the Superseding Indictment.

There is substantial evidence in the record in this case to support the jury's verdict of guilty as to counts 1 and 2 of the Superseding Indictment. Hintz has not met her heavy burden to show that a reasonable-minded jury could not have found her guilty beyond a reasonable doubt, and the motion will be denied. Now, therefore,

IT IS ORDERED that Defendant Jesse Hintz's Motion to Set Aside Jury Verdict and Motion for Judgment of Acquittal, Doc. 72, is denied.

Dated this 26th day of July, 2007.

BY THE COURT:

John B. Jones
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)      DEPUTY